On March 4, 1941, we dismissed, on our own motion, the appeal taken in this matter for lack of a signed judgment and the lack of certain documents purportedly to have been offered in evidence. 200 So. 674. Our decree was reversed by the Supreme Court, and the case remanded to us for further proceedings.198 La. 1026, 5 So.2d 323.
In our opinion of March 4, 1941, we fully set forth the necessary and essential documents missing from the record, namely: (1) The original or certified copy of the judgment appealed from; (2) "Record in the Succession of Henderson Wren and Re; Minor No. 208 of the Docket of this Court"; (3) "Two provisional accounts filed by the Amite Bank Trust Co., Administrators, and sworn to by H.S. Weigel, Trust Officer, on June 1, 1929, and a similar account sworn to by Mr. Weigel, Trust Officer, before F.E. Dolhonde on the 22nd day of April, 1931"; (4) "Appointment of the Tangipahoa Bank Trust Company as the Tutor to the minor, and also the appointment of the Guaranty Bank Trust Company as Tutor to the minor"; (5) "The transfer of the Assets of the Amite Bank Trust Company *Page 672 
to the Tangipahoa Bank Trust Company". The last four items were supposedly offered by plaintiff-appellant.
In accordance with the decree of the Supreme Court, the appellant, Lela Wren, is ordered to complete the record by filing in this court a supplemental transcript, under the certificate of the Clerk of Court for the Parish of Tangipahoa, containing the original or certified copy of the missing judgment and documents named herein within thirty days from the date this decree becomes final, and in the event of her failure to comply with this order, the appeal will be dismissed at her costs.
LeBLANC and OTT, JJ., concur. *Page 716